## BLAIR v. ST. LOUIS, H. & K. R. Co.[1]

*(Circuit Court, E. D. Missouri. March 24, 1884.)*

1. LIENS UPON PROPERTY IN THE HANDS OF A RECEIVER.
    Where a railroad has been placed in the hands of a receiver by this court, persons claiming statutory liens may be permitted to file them here with the same force and effect as if filed respectively in the state courts.
2. SAME—STATUTORY AND EQUITABLE LIENS ON THE SAME FOOTING.
    Where like demands are presented from other states in which no statutory lien therefor exists, they will be entitled to the same *status* as statutory liens.

In Equity. Order.

*Butler, Stilman & Hubbard*, for complainant

*William P. Harrison*, for defendant.

TREAT J. Inasmuch as many intervening petitions have been filed in this case, and others may be, praying for orders on the receiver to pay the sums claimed out of the net income of the defendant corporation as operated by said receiver, and also out of the funds by him raised on his certificates issued, and to be issued, under the orders of this court, as a first lien on the property of said corporation, and on the property by him acquired under the orders of this court, in

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

the course of his administration of his trust, and inasmuch as some of said petitions may rest on statutory liens, conditioned on the notice and proceedings required by statute,—

It is ordered that, to avoid expense and delay, all persons claiming statutory liens be permitted to file the same in this court, with the same force and effect as if filed, respectively, in the state courts.

It is further ordered that where like demands are presented from other states, in which no statutory lien therefor exists, they shall be entitled to the same *status*, so that statutory and equitable liens may rest on a like basis.

Inasmuch as this court has heretofore settled the rules of law and equity by which all intervening claims in cases like this are to be adjudged, and the United States supreme court has more definitely and fully prescribed such rules, in *Fosdick* v. *Schall*, 99 U. S. 235; *Barton* v. *Barbour*, 104 U. S. 126; *Miltenberger* v. *Ry.* 106 U. S. 286; S. C. 1 Sup. Ct. Rep. 140; *Union Trust Co.* v. *Souther*, 107 U. S. 591; S. C. 2 Sup. Ct. Rep. 295; *Union Trust Co.* v. *Walker*, 107 U. S. 596; S. C. 2 Sup. Ct. Rep. 299.

It is ordered that all intervening claims filed, or that may hereafter be filed, in this case, be referred to the special master herein, for his report thereon, his reports to state distinctly whether the respective demands are such as should be paid by the receiver under the rulings of the United States supreme court, or are merely claims at large against the defendant corporation, devoid of a lien, statutory or equitable, prior in right to the lien of the mortgage sued on.

It is further ordered that when an intervening claim, so far as the facts on which it rests, fully appears from the books of the defendant to be correct, the master may proceed to pass thereon without further evidence, unless, in his opinion, further evidence is needed, or some person in interest appears to contest the same.

It is further ordered that the master give due notice to the respective claimants or their attorneys, also to the trustee and receiver or their attorneys, when and where he will proceed to consider and pass upon their demands.

The right of exception to proceedings before the master and to his reports is reserved. The receiver should, in all of these demands, have notice of the time and place of hearing the same before the master and in court; also the solicitor of the complainant, with leave to be heard in person or by attorney.

To avoid delay and expenses the receiver and complainant should have an attorney to attend to this business who is an officer of this court, and ready to conduct the business promptly and efficiently, and to accept service accordingly.[1]

[1] The same order was made in the case of *Central Trust Co.* v. *Texas & St. L. Ry. Co.*